**UNITED STATES of America,**
**Appellee,**

v.

**Francis ALTIERI, Defendant–**
**Appellant.**

No. 07–3811–cr.

United States Court of Appeals,
Second Circuit.

May 20, 2008.

Alan Silber (Kevin A. Buchan, Shalom D. Stone, on the brief), Walder, Hayden & Brogan, P.A., Roseland, NJ, for Defendant–Appellant.

Lisa Baroni, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. WALKER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Francis Altieri appeals from a judgment issued on August 27, 2007, 2007 WL 2438391, by the United States District Court for the Southern District of New York (Buchwald, *J.*), denying his motion to dismiss the indictment on double-jeopardy grounds. We assume the parties' familiarity with the facts and the procedural history of this case.

Altieri argues that subjecting him to retrial would constitute double jeopardy because the district court ordered a mistrial over his objections and in the absence of manifest necessity. "We review the decision of a trial court that there is manifest necessity to declare a mistrial for abuse of discretion," *United States v. Razmilovic,* 507 F.3d 130, 137 (2d Cir.2007), and "[w]e grant particularly broad discretion" when the trial court's manifest necessity determination is based on juror deadlock, *id.*

Our review of the record reveals that the district court did not abuse its discretion in concluding that the jury was "genuinely deadlocked." *See United States v.*

*Klein,* 582 F.2d 186, 192 (2d Cir.1978); *see also Razmilovic,* 507 F.3d at 137–38 (identifying several factors that guide review of whether jury was deadlocked). The jury sent three notes to the district judge indicating juror disagreement on the charges, including the last one that stated: "After going over all recordings and evidence, and 'deliberating' for all of these days, we are still unable to reach a unanimous decision on some counts and none of us feel there is any hope of changing our minds since they are made up." This note came five days after the district judge directed the jury to continue deliberations despite juror disagreements, advising that it is common for jurors to disagree. In addition, the trial lasted approximately three weeks and involved six defendants charged on over fifty counts. At the time the district court declared a mistrial, the jury had been deliberating for a substantial period of time—approximately fifty-five hours over the course of nine days—and it delivered a partial verdict with respect to some of the counts against some of the defendants. Under these circumstances, sending the jury back to deliberate about the remaining charges, including those against Altieri, may have introduced "a significant risk that a verdict may result from pressures inherent in the situation rather than the considered judgment of all the jurors." *Arizona v. Washington,* 434 U.S. 497, 509, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).

Finally, we reject Altieri's argument that the district court abused its discretion because it did not consider alternatives to declaring a mistrial. The court instructed the jurors that they could consider issuing a partial verdict with respect to any charges on which they had reached unanimity and, as noted, the jury did so. *See Razmilovic,* 507 F.3d at 139 (stating that "instructing the jury about the possibility of reaching a partial verdict" is one alternative to a mistrial that we consider under manifest necessity review). Although the district judge considered the possibility of declaring a mistrial for all consenting defendants but instructing the jury to continue to deliberate with respect to Altieri, she declined, in her own judgment, to adopt this alternative after further thought. This decision was not an abuse of discretion, nor did it, as Altieri suggests, usurp the strategic role reserved to defense counsel. The district court has an independent obligation to consider whether requiring the jury to continue deliberations despite indications of juror deadlock would introduce the risk of a coerced or improper verdict. *See id.* at 138 ("[W]e are particularly cognizant of the possibility that coercion of an already exhausted jury to continue deliberations may induce jurors to accommodate a verdict which they would not otherwise support." (alteration and internal quotation marks omitted)).

For the foregoing reasons, we AFFIRM the district court's judgment.